UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MALISSA BOSSIO-HAINES, | ) |
| | ) |
|    Plaintiff(s), | ) |
| | ) |
|    vs. | )    Case No. 4:22-CV-1335 SRW |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
|    Defendant(s). | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of an adverse ruling by the Social Security Administration. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Plaintiff filed a Brief in support of the Complaint. ECF No. 13. Defendant filed a Brief in Support of the Answer. ECF No. 14. Plaintiff filed a Reply. ECF No. 15. The Court has reviewed the parties' briefs and the entire administrative record, including the transcripts and medical evidence. Based on the following, the Court will reverse the Commissioner's denial of Plaintiff's application and remand the case for further proceedings.

**I.**     **Factual and Procedural Background**

On September 17, 2020 and November 24, 2020, respectively, Plaintiff Malissa Bossio-Haines protectively filed applications for disability insurance benefits under Title II, 42 U.S.C. §§ 401, *et seq.*, and supplemental security income under Title XVI, 42 U.S.C. §§ 1381, *et seq*. Tr. 308-14, 317-23. Plaintiff's application was denied on initial consideration and

1

reconsideration. Tr. 191-202, 205-12. On November 15, 2021, she requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 223-24.

Plaintiff appeared for a telephonic hearing, with the assistance of counsel, on April 4, 2022. Tr. 43-74. Plaintiff testified concerning her disability, daily activities, functional limitations, and past work. *Id*. The ALJ also received testimony from vocational expert ("VE") Delores Gonzalez. *Id*. On June 1, 2022, the ALJ issued an unfavorable decision finding Plaintiff not disabled. Tr. 7-36. Plaintiff filed a request for review of the ALJ's decision with the Appeals Council. Tr. 303-04. On October 18, 2022, the Appeals Council denied Plaintiff's request for review. Tr. 1-6. Accordingly, the ALJ's decision stands as the Commissioner's final decision.

With regard to Plaintiff's testimony, medical records, and work history, the Court accepts the facts as presented in the parties' respective statements of facts and responses. The Court will discuss specific facts relevant to the parties' arguments as needed in the discussion below.

## II.  Legal Standard

A disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant has a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" § 1382c(a)(3)(B).

The Commissioner follows a five-step sequential process when evaluating whether the claimant has a disability. 20 C.F.R. § 416.920(a)(1). First, the Commissioner considers the claimant's work activity. If the claimant is engaged in substantial gainful activity, the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a severe impairment "which significantly limits claimant's physical or mental ability to do basic work activities." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *see also* 20 C.F.R. § 416.920(a)(4)(ii). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *see also* 20 C.F.R. §§ 416.920(c), 416.920a(d).

Third, if the claimant has a severe impairment, the Commissioner considers the impairment's medical severity. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 416.920(a)(4)(iii), (d).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, the Commissioner assesses whether the claimant retains the "residual functional capacity" ("RFC") to perform his or her past relevant work. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.945(a)(5)(i). An RFC is "defined as the most a claimant can still do despite his or her physical or mental limitations." *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011); *see also* 20 C.F.R. § 416.945(a)(1). While an RFC must be based "on all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations," an RFC is nonetheless an "administrative

3

assessment"—not a medical assessment—and therefore "it is the responsibility of the ALJ, not a physician, to determine a claimant's RFC." *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016). Thus, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). Ultimately, the claimant is responsible for *providing* evidence relating to his RFC, and the Commissioner is responsible for *developing* the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. § 416.945(a)(3). If, upon the findings of the ALJ, it is determined the claimant retains the RFC to perform past relevant work, he or she is not disabled. 20 C.F.R. § 416.920(a)(4)(iv).

Fifth, if the claimant's RFC does not allow the claimant to perform past relevant work, the burden of production to show the claimant maintains the RFC to perform work which exists in significant numbers in the national economy shifts to the Commissioner. *See Brock v. Astrue*, 574 F.3d 1062, 1064 (8th Cir. 2012); 20 C.F.R. § 416.920(a)(4)(v). If the claimant can make an adjustment to other work which exists in significant numbers in the national economy, the Commissioner finds the claimant not disabled. 20 C.F.R. § 416.920(a)(4)(v). If the claimant cannot make an adjustment to other work, the Commissioner finds the claimant disabled. *Id.* At Step Five, even though the *burden of production* shifts to the Commissioner, the *burden of persuasion* to prove disability remains on the claimant. *Hensley*, 829 F.3d at 932.

If substantial evidence on the record as a whole supports the Commissioner's decision, the Court must affirm the decision. 42 U.S.C. §§ 405(g); 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary

4

sufficiency is not high." *Id*. Under this test, the court "consider[s] all evidence in the record, whether it supports or detracts from the ALJ's decision." *Reece v. Colvin*, 834 F.3d 904, 908 (8th Cir. 2016). The Court "do[es] not reweigh the evidence presented to the ALJ" and will "defer to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence." *Id*. The ALJ will not be "reverse[d] merely because substantial evidence also exists in the record that would have supported a contrary outcome, or because [the court] would have decided the case differently." *KKC ex rel. Stoner v. Colvin*, 818 F.3d 364, 370 (8th Cir. 2016).

## III.     The ALJ's Decision

Applying the foregoing five-step analysis, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2020. Tr. 13. Plaintiff has not engaged in substantial gainful activity since October 12, 2019, the amended alleged onset date. *Id*. Plaintiff has the severe impairments of "post-traumatic stress disorder (PTSD), major depressive disorder, attention-deficit hyperactivity disorder (ADHD), generalized anxiety disorder, degenerative disc disease of cervical spine, asthma, and degenerative changes of the right ankle." Tr. 13-15. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. Tr. 15-18. The ALJ found Plaintiff had the following RFC through the date last insured:

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can lift up to 20 pounds occasionally; lift/carry up to 10 pounds frequently. She can occasionally climb ramps, stairs, ladders, ropes, or scaffolds. She can frequently balance, but only occasionally stoop, kneel, crouch, and crawl. She can occasionally overhead reach using the bilateral upper extremities. She should avoid concentrated exposure to humidity and excessive vibration. She should avoid moderate exposure to irritants such [as] fumes, odors, dust, gases and poorly ventilated areas. She should avoid

> moderate exposure to operational control of moving machinery, unprotected heights, and hazardous machinery. Her work is limited to simple and routine tasks. Her work should be in a low stress job defined as having only occasional changes in the work setting. She should have only occasional interaction with the public and only occasional interaction with co-workers and supervisors.

Tr. 19-25. The ALJ found Plaintiff is unable to perform any past relevant work as a waitress and bartender. Tr. 25-26. The ALJ further found Plaintiff was born on January 11, 1976, and was 43 years old, which is defined as a younger individual age 18-49, on the amended alleged disability onset date. Tr. 26. Plaintiff has at least a high school education. *Id.*

The ALJ determined the transferability of job skills is not material to the determination of disability because the Medical-Vocational Rules supports a finding that Plaintiff is "not disabled," whether or not Plaintiff has transferrable job skills. *Id.* Relying on the testimony of the VE and considering Plaintiff's age, education, work experience, and RFC, the ALJ found there were jobs existing in significant numbers in the national economy which the Plaintiff could perform, including representative occupations such as photocopy machine operator (*Dictionary of Occupational Titles* ("*DOT*") No. 207.685-014, with approximately 8,715 positions nationally), price marker (*DOT* No. 209.587-034, with approximately 131,229 positions nationally), and routing clerk (*DOT* No. 222.687-022, with approximately 105,812 positions nationally). Tr. 26-27. The ALJ concluded Plaintiff has not been under a disability, as defined in the Social Security Act, from October 12, 2019, through the date of his decision, issued on June 1, 2022. Tr. 27.

**IV.  Discussion**

Plaintiff argues the ALJ erred in two respects: (1) failure to properly evaluate Plaintiff's subjective reports by not citing to any inconsistencies between the medical evidence and her reports; and (2) failure to support his analysis of Plaintiff's gastrointestinal impairments at Step

6

Two and not considering such impairments when formulating her RFC. ECF No. 13. The Court will first address her Step Two argument.

Plaintiff contends the ALJ erroneously determined her gastroesophageal reflux disease ("GERD") and irritable bowel syndrome ("IBS") to be non-severe impairments because he relied on a selective reading of the record and failed to address Plaintiff's emergent care with hospital admissions. Plaintiff cites to her hearing in which she testified IBS causes diarrhea and severe abdominal pain, and GERD causes additional pain in her abdominal area, vomiting, and dry heaving. *Id.* To support her testimony, Plaintiff points to records from February 9, 2020, February 27, 2020, August 23, 2020, September 20, 2020, September 30, 2020, October 26, 2020, November 30, 2020, and January 4, 2021 in which Plaintiff appeared to the emergency room ("ER") and was admitted twice, due to complaints of abdominal pain, vomiting, and diarrhea. Tr. 1277, 1433, 1663, 1673, 1684, 1754, 4428, 4543. Plaintiff also references records from her gastroenterologist, Dr. Muddasani Reddy, reflecting the treatment she received for abdominal pain, nausea, vomiting, and diarrhea. Tr. 1654 1663, 4428. Plaintiff argues the ALJ's failure to discuss either the ER records or Dr. Reddy's notes shows her RFC was not supported by substantial evidence.

In response, the Commissioner does not dispute the ALJ's failure to discuss the above records. ECF No. 14. However, the Commissioner contends the ALJ did not err because, as he mentioned in his determination, Plaintiff's February 2020 CT scan was normal and her September 2020 CT scan was "essentially normal." *Id.* The Commissioner cites two records where Plaintiff stated she was feeling better despite abdominal pain, diarrhea, and nausea, Tr. 4543, and where her GERD was indicated to be "stable," Tr. 5160. Moreover, the Commissioner

7

notes the record contains some drug-seeking behavior which could explain Plaintiff's propensity to visit the ER. *See* ECF No. 14 at 10 (citing 1254, 1288).

In evaluating Plaintiff's impairments of GERD and IBS, the ALJ found "the medical evidence does not show that these impairments, considered singly or in combination, cause more than minimal limitation in the claimant's ability to perform basic work activity and are therefore considered non-severe." Tr. 13. In making this determination the ALJ wrote:

> The claimant was diagnosed with post infectious irritable bowel syndrome/ colitis/diverticulitis by at least February 2020, however an abdominal/pelvic CT in February 2020 and a colonoscopy and EGD in September 2020 were essentially normal. Tr. 1271, 1308, 1324, 1393, 1464, 1531, 1784. The claimant had lifting restriction to no more than 30 pounds for four weeks in February 2020 but otherwise to limitations were noted. Tr. 1466. An upper gastrointestinal with small bowel series also showed some gastroesophageal reflux, but was otherwise unremarkable. Tr. 1410. The claimant's GERD was considered stable on medication in March 2022. Tr. 5159-61.

Tr. 13-14. As Plaintiff argues, the ALJ did not discuss any of her several ER visits or records from her gastroenterologist.

At Step Two, the ALJ must determine whether the claimant has "a severe medically determinable physical or mental impairment" or "a combination of impairments that is severe," which has lasted or is expected to last for at least twelve months. *See* 20 C.F.R. §§ 416.909; 416.920(a)(4)(ii). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). While the requirement of severity is "not a toothless standard," it is also not an "onerous requirement." *Id.* at 707. Though it is Plaintiff's burden to prove the existence of severe impairments, "the burden of a claimant at this stage of the analysis is not great." *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001). "The sequential evaluation process may be terminated at step two only when the claimant's

8

impairment or combination of impairments would have no more than a minimal impact on her ability to work." *Id.* (quoting *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996)). Importantly, in making a Step Two determination, the ALJ may not "pick and choose only evidence in the record buttressing his conclusion." *Taylor ex rel. McKinnies v. Barnhart*, 333 F. Supp. 2d 846, 856 (E.D. Mo. 2004).

The Court is mindful of its obligation to defer to the ALJ's findings when those findings are supported by substantial evidence and lie within the "available zone of choice." *See, e.g.*, *Travis v. Astrue*, 477 F.3d 1037, 1042 (8th Cir. 2007); *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011). However, the Court does not find substantial evidence in the record as a whole to support the ALJ's Step Two finding that Plaintiff's IBS and GERD were not severe impairments during the relevant period. While the Commissioner may wish to disregard Plaintiff's ER visits as attempts to seek drugs, the ALJ did not discuss any drug seeking behavior within his determination and the record is replete with treatments notes documenting her frequent complaints of nausea, vomiting, abdominal pain, and diarrhea, which were diagnosed as IBS and GERD. *See, e.g.*, Tr. 1267, 1276-79, 1282, 1287, 1294, 1301-02, 1305, 1307, 1312-19, 1327, 1393, 1650, 1663, 1684-85, 1695-96, 1763, 1780, 4428, 5152. On September 20, 2020, the ER Provider determined it necessary to admit her into the hospital due to her symptoms. Tr. 1277, 1678. Moreover, Plaintiff has a history of taking Levsin to treat IBS.[1] Tr. 1663, 1681, 1763-64, 1770, 1780, 1936, 1852, 2190. In one record, Plaintiff indicates the efficacy of Levsin, Tr. 1770, and in another she stated "Levsin does not work." Tr. 1952.

---

[1] "Levsin is an anticholinergic drug used in the treatment of irritable bowel syndromes, functional intestinal disorders, and as adjunct therapy in peptic ulcer disease." *See* National Library of Medicine, *Levsin*, available at https://pubmed.ncbi.nlm.nih.gov/7981256/#:~:text=Levsin%20is%20an%20anticholinergic%20drug,motility%20to%20facilitate%20diagnostic%20studies (last visited October 17, 2023).

Despite the presence of numerous records evidencing Plaintiff's attempts to seek relief from her IBS and GERD symptoms throughout the relevant period, the ALJ essentially limited his analysis to and relied on only four test results within a voluminous medical record exceeding 5,000 pages. An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding." *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) (citing *Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009)). By not addressing several emergency room records and gastroenterologist notes from her treating provider, which appear to be consistent with Plaintiff's subjective complaints, the ALJ impermissibly ignored a line of evidence which could have supported a finding of disability. Thus, the Court finds the ALJ made an omission that requires reversal.

The Court recognizes that an ALJ's error at Step Two in failing to find a particular impairment severe may not require reversal where the ALJ finds other severe impairments and considers all of a claimant's impairments, severe and non-severe, in assessing the RFC and conducting the rest of the five-step analysis. *See Spainhour v. Astrue*, 2012 WL 5362232, at *3 (W.D. Mo. Oct. 30, 2012) ("[E]ven if the ALJ erred in not finding plaintiff's shoulder injury and depression to be severe impairments at step 2, such error was harmless because the ALJ clearly considered all of plaintiff's limitations severe and nonsevere in determining plaintiff's RFC."). However, while the ALJ in the present case listed her symptoms of diarrhea, nausea, and abdominal pain, *see* Tr. 19-20, he did not clearly explain how they were considered in formulating the RFC. Therefore, the Step Two error is not harmless, and remand is required.

Since remand is required for reevaluation of Plaintiff's IBS and GERD impairments at Step Two, the Court need not reach the issue of whether the ALJ sufficiently analyzed Plaintiff's

10

subjective symptoms. Because the ALJ appeared to assess Plaintiff's subjective complaints on his evaluation of the medical evidence, some of which was not included in the determination, any reevaluation of the latter will necessarily require reassessment of Plaintiff's symptoms. *See, e.g., Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [Plaintiff's] alternative ground for remand."); *Wilson v. Colvin*, 107 F. Supp. 3d 387, 407 n.34 (S.D.N.Y. 2015) (because the ALJ failed to develop the record, the Commissioner must "necessarily" reassess a claimant's RFC and credibility on remand); *Berry v. Kijakazi,* 2021 WL 4459699, at *9 (E.D. Mo. Sept. 29, 2021) ("Because remand is required, the Court does not address all of Plaintiff's arguments.").

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is **REVERSED** and that this case is **REMANDED** under 42 U.S.C. 1383(c)(3) and Sentence Four of 42 U.S.C. § 405(g) for reconsideration and further proceedings consistent with this opinion.

So Ordered this 17th day of October, 2023.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE

11