UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MALISSA BOSSIO-HAINES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Case No. 4:22-CV-1335 SRW |
| KILOLO KIJAKAZI,[1] Commissioner of Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Malissa Bossio-Haines's Application for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 18. On October 17, 2023, this Court reversed the Commissioner's decision and remanded Plaintiff's case for further proceedings. ECF Nos. 16, 17. Plaintiff now seeks attorney's fees in the amount of Five Thousand Five Hundred and Ninety-Two Dollars and Fifty Cents ($5,592.50). This amount is based on 2.60 hours of attorney time in 2022 at a rate of $235.00 per hour, and 20.50 hours of attorney time in 2023 at a rate of $243.00 per hour. Plaintiff requests compensation at the statutory hourly rate of $125.00 plus a cost-of-living adjustment, pursuant to 28 U.S.C. § 2412(d). Plaintiff requests that the award of attorney's fees be made payable to Parmele Law Firm based upon Plaintiff's Affidavit and Assignment of EAJA Fee agreement signed by Plaintiff. *See* ECF No. 18-3.

---

[1] At the time this case was filed, Kilolo Kijakazi was the Commissioner of Social Security. Martin J. O'Malley became the Commissioner of Social Security on December 20, 2023. When a public officer ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. Fed. R. Civ. P. 25(d). Later proceedings should be in the substituted party's name, and the Court may order substitution at any time. *Id.* The Court will order the Clerk of Court to substitute Martin J. O'Malley for Kilolo Kijakazi in this matter.

The Commissioner filed a response which states no objection to Plaintiff's request for attorney's fees under the EAJA in the amount of $5,592.50 to be paid by the Social Security Administration. ECF No. 19. The Commissioner, however, asserts "the EAJA fee is payable to Plaintiff as the litigant and may be subject to offset to satisfy a pre-existing debt that the litigant owes to the United States." *Id*.

The Court has reviewed Plaintiff's Application for Attorney's Fees pursuant to the EAJA, and concludes the statutory requirements are met. By Order and Judgment of Remand dated October 17, 2023, the Court remanded this case to Defendant Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). ECF Nos. 16, 17. A claimant seeking judicial review of a final decision denying Social Security disability benefits may recover attorney's fees if he or she receives a "sentence four" remand. *See Shalala v. Schaefer*, 509 U.S. 292, 295-96 (1993).

Attorney's fees may not be awarded in excess of $125.00 per hour – the maximum statutory rate under § 2412(d)(2)(A) – unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). The hourly rate should be increased, however, where there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [$125] per hour," such as the Consumer Price Index. *Johnson v. Sullivan*, 919 F.2d 503, 504-505 (8th Cir. 1990). In this case, Plaintiff has presented uncontested evidence of an increase in the cost of living. ECF No. 18-5. The Court agrees with Plaintiff that a cost-of-living increase is appropriate as requested.

2

As Plaintiff prevailed and is not otherwise precluded from receiving attorney's fees, the Court finds she is entitled to $5,592.50. Despite Plaintiff's request for the Court to make the fee payable directly to Parmele Law Firm, as an assignee, the Court must instead make the fee payable to Plaintiff as the litigant. *See Astrite v. Ratliff*, 560 U.S. 586, 593 (2010) (holding EAJA fees are payable to the prevailing party and may be subject to offset to satisfy any pre-existing debt owed to the United States); *see also Johnson v. Colvin*, No. 4:11-CV-1599 AGF, 2013 WL 5567711, at *1 (E.D. Mo. Oct. 9, 2013) ("The Court understands *Ratliff* to require that the EAJA award be made directly to Plaintiff."); *Madison v. Astrue*, No. 4:11-CV-238-TIA, 2012 WL 2919135, at *1 (E.D. Mo. July 17, 2012) (providing award of attorney's fees directly to the plaintiff despite the execution of an assignment agreement) (citing *Sumpter v. Astrue*, No. 2:10-CV-35-AGF, 2012 WL 88088, at *1 (E.D. Mo. Jan. 11, 2012)).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Malissa Bossio-Haines Application for Attorney's Fees pursuant to the Equal Access to Justice Act [ECF No. 18] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Commissioner of Social Security Administration shall pay attorney's fees under the Equal Access to Justice Act in the amount of Five Thousand Five Hundred and Ninety-Two Dollars and Fifty Cents ($5,592.50).

**IT IS FURTHER ORDERED** that the award of attorney's fees shall be made payable to Plaintiff Malissa Bossio-Haines, subject to any pre-existing debt that the Plaintiff owes the United States, and the check should be mailed to Plaintiff's counsel at The Parmele Law Firm, P.C., 1545 E. Primrose Street, Springfield, Missouri 65804.

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute Martin J. O'Malley for Kilolo Kijakazi in the court record of this case.

So Ordered this 9th day of January, 2024.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE